### BREDT et al. v. UNITED STATES.

(Circuit Court, S. D. New York, January 15, 1895.)

CUSTOMS DUTIES—CLASSIFICATION—MACHINE BLANKETS—TARIFF ACT OF OCTOBER, 1890.

Thick-woven, endless woolen belts or blankets, for paper or printing machines, held dutiable at 44 cents per pound and 50 per cent. ad valorem, under the provision of paragraph 392 of the tariff act of October 1, 1890, as a manufacture wholly or in part of wool, not specially provided for, and not at 38½ cents per pound and 40 per cent. ad valorem, under the provision of paragraph 393 of said act, for "blankets."

At Law.   Review of decision of board of United States general appraisers, under the act of June 10, 1890.   Affirmed.

The assistant district attorney contended that the articles in paragraph 393, such as "blankets, hats of wool, and flannels for underwear," were articles of wearing apparel, and the blankets therein specified referred to blankets to be worn or used for the covering of the person, and not to machinery; that machine blankets were not ejusdem generis (Hollender v. Magone, 149 U. S. 586, 589, 13 Sup. Ct. 932; Magone v. Trading Co., 6 C. C. A. 407, 57 Fed. 394), and constituted a part of the machinery; that belts or felts for paper or printing machines, as well as blankets, had been provided for eo nomine in the act of March 2, 1867, and in every tariff act since that date, up to the act of 1890, showing they had always been recognized by congress as different articles for duty purposes.   Where an article has become known to congress by a legal or statutory definition, as shown by its use in former statutes for revenue purposes, such a legal or statutory definition will control.   De Forest v. Lawrence, 13 How. 274.

The importers' counsel claimed the word "blankets" was used in its ordinary meaning in paragraph 393, which was broad enough to cover the articles in suit.

Stephen G. Clarke, for plaintiffs.
ᐧ Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

WHEELER, District Judge.   These articles are woven from wool into continuous webs for use in printing presses, as parts of the machinery, and in that art, when so used, are called "blankets."   They were assessed under paragraph 392 of the tariff act of 1890, which provided for duties on "all manufactures of every description made wholly or in part of wool," and are claimed to have been dutiable

under paragraph 393, which provided for different duties "on blankets, hats of wool, and flannels for underwear, composed wholly or in part of wool." Blankets, in general, are used as coverings for protection against outer temperature and influences, and, in common speech, would be understood to refer to things so used, and not to these having that special name in those particular machines; and especially would this be so when the term is used in the tariff law among other words expressing other such coverings in pointing out subjects for particular duties. As this word is so used here, it is understood to refer to blankets in this general sense. The word "pins" seems to have been so understood as to exclude hair pins, in Robertson v. Rosenthal, 132 U. S. 460, 10 Sup. Ct. 120.

Decision of board affirmed.